**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALBERTO CASTRO FIERRO,

Petitioner,

v.

THOMAS GILES, et al.,

Respondents.

Case No. 5:26-cv-05057-ACCV

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On September 2, 2026, Petitioner Alberto Castro Fierro ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and 8 U.S.C. § 1231(a)(6). (Dkt. 1 at 18 -19.) For the reasons stated herein, the Court DENIES the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico. (Dkt. 9-1 at 1.) Immigration and Customs Enforcement ("ICE") detained Petitioner on May 15, 2026. (*Id.* at 2.) Petitioner currently remains detained at the Adelanto ICE Processing Center in Adelanto, California. (Dkt. 1 at 12.)

Petitioner entered the United States on an unknown date at an unknown place.

(Dkt. 9-1 at 3.) On November 15, 2004, Petitioner was granted voluntary departure by an Immigration Judge. (*Id.*) The IJ's removal order became final upon Petitioner's failure to depart the country by January 14, 2005. (*Id.*) On May 28, 2026, Petitioner filed a motion to reopen his removal proceedings. (Dkt. 1 at 13.) Petitioner also requested a stay of removal from the Board of Immigration Appeals ("BIA"). (*Id.*) On June 2, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus that was later denied by this Court on August 12, 2026. (Dkt. 1 at 10.) No bond hearing has been held. Petitioner has one conviction for domestic violence. (Dkt. 9-1 at 3.)

On September 2, 2026, Petitioner filed the Petition and brings the following claims: (1) Fifth Amendment (Procedural Due Process) — Prolonged Detention Without a Bond Hearing; (2) Fifth Amendment and 8 U.S.C. § 1231(a)(6) — Detention Beyond Statutory Authority; and (3) Declaratory Relief. (Dkt. 1 at 18–19.) Petitioner request as relief, among other things, an individualized bond hearing or in the alternative his immediate release. (*Id.* at 19.)

On September 10, 2026, Respondents filed Respondents' Answer to Petition for Writ of Habeas Corpus and argue: (1) for the same reasons set forth in this Court's order in Petitioner's first habeas petition, in regard to Petitioner's *Zavydas v. Davis*, 533 U.S. 678 (2001) and *Rodriguez* bond hearing claims, this petition should also be denied; (2) Petitioner cannot succeed on his claim that his removal to Mexico is not foreseeable. (Dkt. 8 at 2–3.)

Petitioner's reply was due on September 13, 2026; Petitioner has yet to file a reply.

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also*

*Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

### A. Habeas Jurisdiction

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law[.]" U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

### B. Petitioner is Not Currently Eligible for a *Rodriguez* Bond Hearing

Petitioner argues that he is entitled to a bond hearing. (Dkt. 1 at 15-16.) Respondents contend that Petitioner has been detained for four months—two months shy of the six months in detention that would entitle him to a *Rodriguez* bond hearing.[1] (Dkt. 8 at 2.) The Court finds that as of the date of this order Petitioner has not yet been detained for six months, as Petitioner was detained on May 15, 2026, and thus is not yet entitled to a *Rodriguez* bond hearing.

### C. Petitioner is Not Entitled to Immediate Release

Petitioner is subject to an administratively final order of removal. (Dkt. 9-1 at 3.) Accordingly, his detention is governed by 8 U.S.C. § 1231(a). Under § 1231, once a noncitizen is ordered removed, the Attorney General "shall" remove him within 90

---

[1] Named after the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), which has an extensive history that need not be recounted here, a *Rodriguez* bond hearing is a periodic custody redetermination proceeding—required in the Central District of California (for reasons not pertinent here)—where the government must show at six-month intervals that a detainee's continued detention pending removal proceedings is justified by clear and convincing evidence of flight risk or danger to the community.

days of the date that the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the removal period. 8 U.S.C. § 1231(a)(2)(A). If a noncitizen subject to a removal order is not removed during the 90-day removal period, he may be detained beyond the removal period or may be released subject to supervision. 8 U.S.C. § 1231(a)(6)(a)(3). However, a noncitizen may not be detained indefinitely under § 1231(a) for the purpose of effectuating removal but must be released from detention once it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 690-92 (2001) (interpreting 8 U.S.C. § 1231(a)(6); *see also* 8 C.F.R. § 241.13(g)(1) (requiring release on conditions once government has concluded that removal is not significantly likely in the reasonably foreseeable future). In *Zadvydas*, the Supreme Court set a "presumptively reasonable" six-month detention period after the removal order is final. *Zadvydas*, 533 U.S. at 701. After six months, if a noncitizen can "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing of "good reason," the noncitizen is entitled to habeas relief. *Id.*

Even so, the presumption of reasonableness may be rebutted. *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) ("At no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period." *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018). ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges . . . not a prohibition on claims challenging detention less than six months.") (quoting *Zadvydas*, 533 U.S. at 700-01); *Uzzhina v. Chestnut*, No. 1:25-cv01594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*."). First, Petitioner is still within the "presumptively reasonable" six-month period of detention

set by *Zadvydas* because he was detained on May 15, 2026—approximately five months as of the date of this Order since his administratively final removal order. Petitioner did not assert or provide evidence that he was previously detained for the purpose of calculating the duration of his post-removal order detention period. (*See generally* Dkt. 1.) Instead, Petitioner attempts to distinguish his case from another case in *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) to argue his removal to Mexico is not foreseeable. (Dkt. 1 at 17–18.)

That distinction is unpersuasive as *Prieto-Romero* has germane similarities to this case. In *Prieto-Romero*, the court found no evidence that the petitioner could not be removed because his destination country would not accept him or because U.S. law barred his removal. *Prieto-Romero*, 534 F.3d at 1063. The government presented evidence that repatriations to the petitioner's country of origin—Mexico—were routine and that the Mexican government was ready to accept individuals removed from the United States. *Id.* The same is true here. Petitioner is also a citizen of Mexico, removals to Mexico remain routine, and the Mexican government remains ready to accept repatriated individuals. Consequently, *Prieto-Romero* supports the same conclusion here and Petitioner's argument is unpersuasive.

Furthermore, Petitioner does not provide any other evidence to rebut the *Zadvydas* presumption of reasonableness of the six-month detention period. (*See generally* Dkt. 1.) *Compare Ismail Mohamed v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-01992-KK-BFM (C.D. Cal. May 21, 2026*), report and recommendation adopted sub nom. Ismail Mohamed v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-01992-KK-BFM (C.D. Cal. May 22, 2026). (*Zadvydas* presumption of reasonableness rebutted where Petitioner showed Respondent struggled to obtain travel documents for a refugee petitioner, petitioner provided fingerprints and all documents requested, birth records could not be located by designated country for removal due to a civil war that decimated the country's record system, and Respondent declined opportunity to file a supplemental brief to rebut Petitioner's assertions.) On

the record, and under the correct standard, Petitioner's detention is presumptively reasonable, and Petitioner has not rebutted the presumption of reasonableness of the six-month detention period. *Zadvydas*, 533 U.S. at 701; *Pelich v. INS*, 329 (F.3d 1057, 1059, (9th Cir. 2003). Nor has Petitioner alleged any facts to support another basis upon which his detention is unlawful. Thus, Petitioner has not met his burden to justify habeas relief for immediate release. *See* Habeas Rule 2(c), 4; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S. Ct. 2562, 2569, 162 L. Ed. 2d 582 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

## V. CONCLUSION

For the reasons stated, the COURT DENIES the Petition.

DATED: November 8, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge